UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GUILLERMO G ZACHARIAS )
)
Plaintiff, )
) Case No. 3:10CV417
v. )
)
PATRICK K. WILLIS COMPANY, INC. )
t/a AMERICAN RECOVERY SERVICE )
) JURY DEMANDED
)
Defendant. )

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Guillermo G Zacharias file this Complaint against Patrick K. Willis Company, Inc. t/a American Recovery Service for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

*Preliminary Statement*

1. Plaintiff brings this action for statutory and actual damages arising from Defendant's violations of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

*Jurisdiction and Venue*

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Defendant conducts business in this district and is subject to personal jurisdiction in the Commonwealth of Virginia and in this federal district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendant resides in this district within the meaning of 28 U.S.C. § 1391(b) and (c) by being subject to personal jurisdiction in the district, and a substantial part of the events or omissions giving rise to this claim occurred in this district.

### *Parties*

5. Plaintiff is a natural person.

6. Plaintiff is a citizen of the Commonwealth of Virginia, who resides in Fairfax County, Virginia.

7. Plaintiff is a "consumer," as that term is defined by FDCPA § 1692a(3).

8. Defendant is a is a foreign corporation with its principal place of business located 5118 Robert J. Mathews Parkway, El Dorado Hills, California 95762.

9. Defendant uses instrumentalities of interstate commerce or the mails in connection with a business, the principal purpose of which is the enforcement of security interests.

10. Defendant's principal purpose is the enforcement of security interests by means of repossessing vehicles.

11. Defendant is a "debt collector," as that term is defined by FDCPA § 1692a(6).

### *Factual Allegations*

12. In February 2009, Plaintiff purchased a 2007 Nissan Versa from Sheehy Nissan of Manassas, Virginia.

13. Plaintiff financed the purchase of this vehicle through BB&T.

14. In connection with the purchase, Plaintiff received a clean title to the vehicle, with the only lien recorded against the title being the purchase money lien for financing through BB&T.

15. At all times, Plaintiffs timely and properly paid all sums owed to BB&T related to the vehicle.

16. At no time did Plaintiff have any financing for the vehicle through GMAC.

17. At no time subsequent to February 2009 did GMAC have any lien recorded against the vehicle.

18. Notwithstanding the above, on April 28, 2010, Defendant, on behalf of GMAC, repossessed the vehicle, seeking to enforce a security interest claimed by GMAC.

19. On information and belief, Defendant had the vehicle towed to its storage facility in Richmond, Virginia.

20. GMAC did not in fact have a valid security interest in the vehicle.

21. Neither GMAC nor this Defendant had any present right to possession of the vehicle through an enforceable security interest.

*Claim for Relief*

**Count I - Fair Debt Collection Practices Act**

21. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

22. Defendant's actions described above violated the Fair Debt Collection Practices Act, 15 USC Section 1692, et seq.

23. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, as described above, the Plaintiff has suffered actual damages including emotional distress, out of pocket expenses, embarrassment, humiliation, injuries to personal relations and time lost from his gainful employment, and is also entitled to an award of statutory damages, costs and attorney fees.

## Count II - Conversion

24. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

25. Defendant's repossession of the vehicle was in contravention of Plaintiff's ownership rights therein.

26. Defendant's holding of the vehicle and the contents thereof was wrongful and without right.

27. The actions taken by Defendant described above constitute a conversion of the Plaintiffs' property rights.

28. Defendant's actions described above were taken without authority.

29. In taking the actions described above, Defendant knew it lacked authority and right to do so.

30. Defendant's actions were in willful, wanton, malicious and reckless disregard of Plaintiff's property rights in the vehicle.

31. Due to Defendant's actions in repossessing Plaintiff's automobile, Plaintiff suffered damages.

## Demand for Jury Trial

32. Plaintiff demands a trial by Jury.

## *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in his favor, and that judgment be entered against Defendant for the following:

(a) For statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) A declaration that Defendant's actions violate the FDCPA

(e) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of this claim;

(f) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(g) For any and all other relief this Court may deem appropriate.

Dated: Manassas, Virginia
June 17, 2010

Respectfully submitted,

By: _____
Thomas R. Breeden

Attorney for Plaintiff:
Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com